# SPECIAL ORDERS

In this section are orders of the Court of general
interest to the bench and bar of the state.

*Order Entered June 18, 2012:*

PEOPLE v BRANTLEY, Docket No. 298488. Reported at 296 Mich App 546.
The Court orders that the concurring and dissenting opinion in this case,
which was issued for publication on May 17, 2012, be amended to correct
a clerical error.

The first and second sentence of the first full paragraph (on page 3)*
shall read: "In reaching its conclusion, I believe the majority re-writes the
legislation to say something it does not. The majority would reform the
statute to say what the majority believes it ought to say rather than what
the legislature has clearly and unequivocally stated." In all other re-
spects, the May 17, 2012, concurring and dissenting opinion remains
unchanged.

*Order Entered June 21, 2012:*

HOWARD v KOWALSKI, Docket No. 297066. Reported at 296 Mich App 664.
The Court orders that the May 29, 2012, published opinion per curiam in
this case is amended in two respects.

First, the opening sentence of the first paragraph on page 6** is
amended to read:

Following the trial court's advice, and as he did in his opening
statement, plaintiff's counsel argued that the defense in this case was
fabricated, that the Dr. Urse's affidavit indicated that there was no
meeting between Dr. Urse and Dr. Kowalski, and that Dr. Urse did not
come to Mrs. Johnson's room between 2:53 and 3:00 p.m. as the two
doctors testified."

Second, footnote 2 is added to the fourth sentence of the final
paragraph on page 6** so that the sentence and footnote shall read:

Because they are inconsistent, plaintiff argues, the trial court should
have admitted them for impeachment purposes.[2]

---

[2] We note that MRE 411 plays no role in this decision. MRE 411 does not
preclude evidence of liability insurance if introduced for relevant reasons
other than proving that a person acted negligently or otherwise wrongfully.
Dr. Urse is not a party to this action. The communications between
plaintiff's counsel and the claims representative for Dr. Urse's insurer are
admissible because they bear on Dr. Urse's credibility as a witness, not on his
conduct on the day in question.

---

In all other respects, the May 29, 2012, opinion remains unchanged.

---

* Reference to slip opinion. See 296 Mich App 546, 562-563—REPORTER.
** References to slip opinion. See 296 Mich App 664, 675-676—REPORTER.